## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| M.D.F., a minor, by and through his | ) | |
| parent and legal guardian | ) | |
| CHARLES D. FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CV-548-GKF-PJC |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 50 OF OSAGE COUNTY, OKLAHOMA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Charles D. Ferguson, proceeding in forma pauperis on behalf of his son, M.D.F., brings this action against Independent School District No. 50 of Osage County, Oklahoma ("the School District"), School District Administrators Joe Hulsey, Deborah Tennison and Ginger James, and Oklahoma Department of Human Services Social Worker Shelley Campbell (collectively "the Defendants"). Mr. Ferguson asserts that, on or about December 6, 2007, School District Administrators Hulsey, Tennison and James impermissibly employed physical force to restrain M.D.F., a special-needs student of the School District. He further claims that Ms. Campbell was present at the time M.D.F. was restrained, but failed to intervene on M.D.F.'s behalf.

Mr. Ferguson asserts that Defendants' actions were inconsistent with M.D.F.'s Individualized Education Plan, and that, as a result of the Defendants' actions, M.D.F. was denied a Free Appropriate Public Education. Dkt. 2 at 2. Mr. Ferguson seeks relief pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq., and 42 U.S.C. § 1981. Dkt. 2 at 2, 3. The Defendants

have filed individual motions to dismiss this case.  **Dkts. 14, 16, 17, 27**.  For the reasons set forth in this opinion, the Defendants' motions are granted.

## I.  M.D.F.'s Claims

The first question this court must address is whether Mr. Ferguson, who is not represented by counsel, may litigate on behalf of his minor child.  Neither 28 U.S.C. § 1654, which provides that parties in federal cases "may plead and conduct their own cases personally or by counsel," nor Rule 17(c) of the Federal Rules of Civil Procedure, which allows certain representatives to sue on behalf of a minor, specifically authorizes a non-lawyer parent to represent his or her children pro se.[1]  Accordingly, the Tenth Circuit and other Courts of Appeals have held that, although an individual may act as his or her own counsel, a non-lawyer parent may not bring a pro se action on his or her child's behalf.  *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("[A] minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *see also*, *e.g.*, *Devine v. Indian River Co. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) ("In the absence of [contrary congressional] intent, we are compelled to follow the usual rule–that parents who are not attorneys may not bring a *pro se* action on their child's behalf–because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (1990) (concluding that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child").

---

[1]  *See Devine v. Indian River Co. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) ("Section 1654 . . . is inapposite because it does not speak to the issue before us–whether Devine may plead or conduct his son's case.  Likewise, Rule 17(c) is unavailing; it permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel." (footnote omitted)).

In accordance with these authorities, this Court holds that Mr. Ferguson, a pro se litigant acting on behalf of his minor son and proceeding in forma pauperis, may not bring this action on his son's behalf.  M.D.F.'s claims therefore must be dismissed without prejudice.

## II.  Whether the Complaint Could Support a Claim for Relief on Other Grounds

Because Mr. Ferguson appears pro se in this matter, this court will not dismiss his complaint for failure to state a claim unless "it is obvious that [he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  Thus, this court will examine Mr. Ferguson's complaint to determine whether the complaint, construed liberally, could state a claim for which relief could be granted.

In the complaint, Mr. Ferguson asserts that the Defendants denied M.D.F. a Free Appropriate Public Education; this claim could be construed as an assertion that the Defendants' actions violated the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. §§ 1400 et seq.  Although, as discussed earlier, Mr. Ferguson may not pursue relief on *his son's* behalf on a pro se basis, he may seek to enforce *his own* rights under the IDEA without the assistance of counsel.  *See Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 532, 533 (2007) (concluding that "[the] IDEA grants parents independent, enforceable rights," and stating that "[p]arents may seek to enforce [the mandate requiring the provision of a Free Appropriate Public Education at public expense] through the federal courts"); *Miller v. Bd. of Educ. of Alberquerque Pub. Schs.*, 565 F.3d 1232, 1244 (10th Cir. 2009) (discussing *Winkelman*, 550 U.S. 516) (recognizing that, under the IDEA, parents are "real parties in interest" who may "proceed unrepresented by counsel").  Thus, Mr. Ferguson could seek to amend the complaint to include his own IDEA claim.  *See* Fed. R. Civ. P. 15(a) (permitting amendment of pleadings with the opposing party's

written consent or the court's leave);  6 FED. PRAC. & PROC. 2d § 1474 (recognizing that courts

have allowed parties to amend complaints to state additional claims or to add additional parties).

       Nevertheless, even if Mr. Ferguson amended the complaint to include his own claim

under the IDEA, the amendment would not save this action because Mr. Ferguson has not

exhausted his administrative remedies under the IDEA.[2]  To implement the goals of the IDEA,

"Congress mandated that state and local educational agencies receiving assistance under the

IDEA establish procedures to ensure the provision of such services and the protection of [the]

rights [guaranteed by the act]."  *Padilla v. Sch. Dist. No. 1 in Denver, Colo.*, 233 F.3d 1268,

1270 (10th Cir. 2000) (citing 20 U.S.C. § 1415(a)).  Ordinarily, these procedural safeguards must

be exhausted before a parent may bring a civil action in federal court.  *See Assoc. for Cmty.*

*Living in Colo. v. Romer*, 992 F.2d 1040, 1043 (10th Cir. 1993) ("Judicial review under [the

IDEA] is normally not available until a plaintiff has exhausted the administrative remedies

provided under [the act].").  It appears that Mr. Ferguson has failed to exhaust his administrative

remedies; therefore, any claim that the physical discipline administered by the Defendants was

inconsistent with M.D.F.'s Individualized Education Plan would not survive.  *See, e.g., Padilla*,

233 F.3d at 1274 (concluding that the plaintiff, who sought relief under the ADA for use of

restraints contrary to the student's Individualized Education Plan, was required to exhaust her

administrative remedies prior to commencing an action in federal court); *Franklin v. Frid*, 7 F.

Supp. 2d 920, 925-26 (W.D. Mich. 1998) (concluding that the plaintiffs' § 1983 claim, which

pertained to in-school humiliation, physical punishment and verbal abuse, was subject to the

exhaustion requirement of the IDEA); *Pullen v. Botetourt Co. Sch. Bd.*, No. 94-686-R, 1995 WL

---

[2]  Although the issue of exhaustion was raised by some of the Defendants, Mr. Ferguson
has not indicated that he exhausted his administrative remedies under the IDEA in any of the
filings before this court.  *See* Dkts. 1, 2, 25, 31.

738983, at *3 (W.D. Va. Feb 13, 1995) (unpublished) (holding that the plaintiff was required to exhaust his administrative remedies, and dismissing his claim that the defendant subjected him to improper physical punishment in violation of the IDEA).

### III. Conclusion

This court concludes that M.D.F. cannot prevail under the facts alleged, as Mr. Ferguson, a pro se litigant proceeding in forma pauperis, is prohibited from representing the interests of his minor son. This court further concludes that it would be futile to allow the complaint to be amended to include Mr. Ferguson's IDEA claims, as it appears that Mr. Ferguson has failed to exhaust his administrative remedies. Accordingly, this court dismisses M.D.F.'s complaint, Dkt. 2, without prejudice.

IT IS SO ORDERED this 3rd day of June, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma